IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Emmett Caldwell,

    Plaintiff,

       v.

Ada L. García

    Defendant.

**Civil No. 24-1380 (GMM)**

**<u>MEMORANDUM AND ORDER</u>**

**I. BACKGROUND**

On August 23, 2024, Plaintiff Emmett Caldwell, pro se, ("Plaintiff") filed a civil rights suit under 42 U.S.C. § 1983 ("Section 1983") asserting claims against Ada L. García, Clerk of the Court for the U.S. District Court for the District of Puerto Rico. (Docket No. 2). Plaintiff alleges that in relation to the case captioned <u>Caldwell v. Coll-Watlington et al, 3:22-CV-01462 (JAG)</u>, the Clerk of the Court "fraudulently unfiled" an affidavit submitted in support of a request for service by publication allegedly claiming "wrong venue"" and improper format. (<u>Id.</u>) Specifically, Plaintiff asserts that "Clerk of the Court Alda L Garcia [sic] unlawfully removed plaintiffs 8/13/24 affidavit from the case file know [sic] the fact plaintiff is not Puerto Rican and was prior discriminated against by pro bono attorney…". (<u>Id.</u> at 2). Plaintiff further alleges that "fraudulently claiming

"wrong venue" the Clerk under color of law and custom without legal authority unfiled voided the aforesaid 4th 8/13/24 filed affidavit in support of publication and exhibit plaintiff filed on August 13, 2024 maliciously in bad faith fraudulently unethically in conspiracy direct and proximately causing plaintiff severe extreme [sic] emotional distress". (Id.).

On August 27, 2024, the Court granted Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs.* (Docket No. 4).

## II. APPLICABLE LAW AND ANALYSIS

A court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Landrau v. Solis Betancourt, 554 F.Supp.2d 102, 114 (D.P.R. 2007)(citations omitted); *see also* Gonzalez–Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (noting that *sua sponte* dismissals shall be upheld when "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption"). *See also* Trivedi v. Gen. Electric Co., No. 1:22-CV-11746-LEW, 2022 WL 19558081, at *1 (D. Mass. Dec. 12, 2022), report and recommendation adopted, No. 1:22-CV-11746-LEW, 2023 WL 2988626 (D. Mass. Jan. 5, 2023) *citing* Baldi v. Mueller, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010); Rutledge v.

Skibicki, 844 F.2d 792 (9th Cir. 1988) ("The district court may *sua sponte* dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous").

Moreover, the Court has the authority to dismiss a claim if it is frivolous, or "so insubstantial, implausible. . .or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998)). A "frivolous" action is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Claims for violations of federal constitutional rights by state actors must be brought under Section 1983, which provides a civil cause of action for deprivation of one's civil rights. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To the extent Plaintiff seeks remedies under Section 1983 from a federal employee, specifically the Clerk of the Court, those claims are barred as a matter of law.

4 | Civil No. 24-1380 (GMM)

Judicial immunity generally precludes lawsuits brought against judges for acts taken as part of their judicial functions. *See, e.g.*, <u>Verogna v. Johnstone</u>, 583 F. Supp. 3d 331, 337-38 (D.N.H. 2022), aff'd, No. 22-1364, 2022 WL 19795808 (1st Cir. Nov. 14, 2022), cert. denied, No. 22-7607, 2023 WL 6378181 (Oct. 2, 2023); <u>Dominic v. Goldman</u>, 560 F. Supp. 3d 579, 586 (D.N.H. 2021). Judicial immunity is absolute, and it is broad. *See* <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). That is, judicial immunity "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." <u>Id.</u>

Further, judicial immunity extends to "those who perform tasks that are inextricably intertwined with the judicial function," a doctrine known as quasi-judicial immunity. <u>Nystedt v. Nigro</u>, 700 F.3d 25, 30 (1st Cir. 2012). "**[C]lerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process.**" <u>Evans v. Suter</u>, 260 F. App'x 726, 727 (5th Cir. 2007) (emphasis added); <u>Slotnick v. Garfinkle</u>, 632 F.2d 163, 166 (1st Cir. 1980) (Court clerks have absolute quasi-judicial immunity, derivative of their judges' immunity, to the extent that they are alleged to be liable for carrying out the judges' directives).

"**[T]he filing of complaints and other documents is an integral part of the judicial process and [the clerk] would be protected by**

**judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."** Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (emphasis added); *see also* Bowen v. Worcester Fam. & Prob. Ct., 2014 WL 5106419, at *2 (D. Mass. Oct. 9, 2014) (dismissing action *sua sponte* and holding that quasi-judicial immunity attached to probate and family court administrator and other court personnel acting in furtherance of their official duties); Andre v. Moriarty, No. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011) (The judicial immunity doctrine "extends to employees of a court when they perform tasks that are an integral part of the judicial process."); Blakely v. City of Laurel, No. 2:14-cv-82-HSO-JCG, 2015 WL 13091648, at *2 (S.D. Miss. Sept. 17, 2015), aff'd, 644 F. App'x 319 (5th Cir. 2016) (granting motion to dismiss with prejudice claims against court clerk on grounds of quasi-immunity); Burnett v. Denman, 368 F. App'x 603, 604 (5th Cir. 2010) (affirming *sua sponte* dismissal as frivolousness of prisoner's claim against court clerk); Horton v. Taylor, No. 5:15-CV-27-DCB-MTP, 2015 WL 6829155, at *2 (S.D. Miss. Nov. 6, 2015) (dismissing claims against court clerk with prejudice for failure to state a claim); Johnson v. Craft, 673 F.Supp. 191, 193 (S.D. Miss. 1987) (dismissing claim against court clerk for failure to state a claim); Hanner v. U.S. Gov't, 660 F. Supp. 77, 78 (S.D. Miss. 1986)

(finding claim against court clerk frivolous due to quasi-judicial immunity).

Against this backdrop, affording the pleadings a liberal construction, the Court concludes that Plaintiff's case must be dismissed. Moreover, because the claims against the defendant — the Clerk of the Court—, even as alleged, arise out of the performance of her duties, Plaintiff's claims are barred by the doctrine of quasi-absolute judicial immunity. *See also* Stoute v. Talwani, No. 1:20-CV-11339-NT, 2020 WL 7753568, at *2 (D. Mass. Oct. 19, 2020), report and recommendation adopted, No. 1:20-CV-11339-NT, 2020 WL 7752392 (D. Mass. Dec. 28, 2020); Andre v. Moriarity, No. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011).

### III. CONCLUSION

After reviewing the Complaint, in the light most favorable to Plaintiff, in view of the foregoing, the case is **DISMISSED** with prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, October 21, 2024.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge